IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL A. SNIDER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | CV 114-111 |
| WILLIAM DANFORTH, Warden,[1] | ) ) ) | |
| Respondent. | ) ) | |

**ORDER**

Petitioner, an inmate confined at Telfair State Prison in Helena, Georgia, commenced the above-captioned case pursuant to 28 U.S.C. § 2254. Petitioner filed a motion for default judgment and a motion to expand the record (doc. nos. 9, 11), both of which Respondent opposes (doc. nos. 12, 13). For the reasons set forth below, the Court **DENIES** both motions.

I. **Motion for Default Judgment**

Petitioner moves for default judgment because he had not received a response from Respondent within the sixty-day deadline set by this Court on May 8, 2014. (See doc. no. 3.) However, the record reflects Respondent timely filed an answer on July 7, 2014, and that answer includes a certificate of service stating it was served on Petitioner. (See doc. no. 7.) Moreover, default judgments are not contemplated in habeas corpus cases. Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Accordingly, the Court **DENIES** this substantively meritless and procedurally improper motion. (Doc. no. 9.)

---

[1] The proper Respondent is William Danforth, the Warden at Petitioner's present place of incarceration, Telfair State Prison. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, the **CLERK** is **DIRECTED** to substitute William Danforth for Scott Crickmar as Respondent.

## II. Motion to Expand the Record

Petitioner also moves to expand the record to include the "states pretrial discovery response," federal prison records for Petitioner's incarceration from 1985 to 1987, and "Boone County and Harrison County Kentucky Incarreations in the same timeframe (sic)." (Doc. no. 11, p. 1.) The Rules Governing § 2254 Cases in the United States District Courts allow expansion of the record to include additional materials relevant to the determination of the merits of a petition for a writ of habeas corpus. Rule 7(a), Rules Governing § 2254 Cases. Expansion of the record enables courts to adjudicate some habeas corpus petitions not dismissed on the pleadings without holding an evidentiary hearing. Id., Advisory Comm. Note. Nevertheless, expansion of the record under Rule 7 is not a tool by which a federal habeas petitioner can develop a record concerning allegations of error he failed to diligently preserve in state court.

A federal habeas court may only take evidence regarding the factual basis of a claim that a petitioner has failed to develop in state court when:

(A) the claim relies on –

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). A petitioner has "failed to develop the basis for a claim" – and consequently must satisfy the requirements of 28 U.S.C. § 2254(e)(2) to expand the record under Rule 7 or to qualify for a hearing – if "petitioner or his counsel were [not] diligent in developing

the record in the state habeas proceedings." <u>Ward v. Hall</u>, 592 F.3d 1144, 1159, 1161-62 (11th Cir. 2010). In other words, Petitioner must show that he made a reasonable attempt, in light of the information available at the time, to investigate and pursue his claims in state court. <u>Williams v. Taylor</u>, 529 U.S. 420, 437 (2000).

Here, Petitioner's request to expand the record falls woefully short of the high standard he must meet. First, Petitioner does not even mention, let alone establish, any efforts he made to diligently develop in state court the information he now seeks to add in these federal proceedings. Second, Petitioner has not attached to his motion the documents he seeks to put in the record, and thus the Court has no means to evaluate any relevance to the merits of Petitioner's federal claims. Nor does Petitioner explain the relevance of the documents because he simply states, without any details, that he references these items in his petition. Accordingly, the Court **DENIES** the motion to expand the record. (Doc. no. 11.)

SO ORDERED this 17th day of October, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA