IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL A. SNIDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-111 |
| | ) | |
| WILLIAM DANFORTH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation that the § 2254 petition be denied. Petitioner only objects to the portion of the R&R addressing Ground Three which found that the trial court's exclusion of third-party guilt evidence did not violate Holmes v. South Carolina, 547 U.S. 319 (2006). (Doc. no. 16, pp. 33-35.) In support of this objection, Petitioner attaches a report from the Columbia County Division of Family and Children Services that, according to Petitioner's characterization, memorializes a conversation in which Che. T. alleged he was sexually abused by his uncle, who is also P.H.'s father. (Doc. no. 18, p. 5.) While the report does convey that someone accused P.H.'s father of sexually abusing Che. T., the report does not identify the accuser or provide any indication that the accuser is Che. T. himself. (Id.) In

addition, the report does not specify when, where, or in what manner the abuse allegedly occurred. (Id.)

To be admissible under Georgia law, evidence showing that another person committed the crime "must be such proof as directly connects the other person with the corpus delicti, and tends clearly to point out someone besides [the] accused as the guilty person." Bradford v. State, 420 S.E.2d 4, 6 (Ga. Ct. App. 1992). Bare suspicions and conjectural inferences are insufficient. See id. The report's vague and generalized suspicions of abuse by P.H.'s father fall far short of directly connecting P.H.'s father with the corpus delicti, as the Georgia Court of Appeals explained. Snider v. State, 304 Ga. App. 64, 70 (2010) (accurately describing corpus deliciti as allegations of sexual abuse in bedroom of Petitioner's residence at lake). Thus, exclusion of the evidence did not violate Petitioner's due process rights because it was excluded on a rational and legitimate basis by the state trial court. See Holmes, 547 U.S. at 331.

Accordingly, the Court **OVERRULES** Petitioner's objection, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** the instant petition brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial

2

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 2nd day of September, 2015, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.